Brevet Direct Lending Short Duration Fund, L.P. v Aprio LLP (2025 NY Slip Op 05570)

Brevet Direct Lending Short Duration Fund, L.P. v Aprio LLP

2025 NY Slip Op 05570

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 656441/18|Appeal No. 4906|Case No. 2024-07555|

[*1]Brevet Direct Lending — Short Duration Fund, L.P., Plaintiff-Appellant,
v
Aprio LLP Formerly Known as Habif, Arogeti & Wynne, LLP, Defendant-Respondent.

Akerman LLP, New York (David F. Bayne of counsel), for appellant.
Hinshaw & Culbertson LLP, New York (Matthew C. Ferlazzo of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered November 14, 2024, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
On this appeal, plaintiff contends that the principal amount of its damages should not be $13.45 million (the amount it actually advanced to the nonparty borrowers) but rather a larger sum that includes capitalized interest. This contention is unavailing.
On a prior appeal (see Brevet Direct Lending — Short Duration Fund, L.P. v Aprio LLP, 228 AD3d 449 [1st Dept 2024]), plaintiff accepted $13.45 million as the principal amount. In addition, while in plaintiff's California action against a borrower it was proper for plaintiff to follow the loan agreement and its amendments and to capitalize the excess of default interest over regular interest, plaintiff cites no authority for the proposition that it can enforce the terms of its loan agreement against an alleged tortfeasor such as defendant, an entity unrelated to the borrowers. Plaintiff's theory in the instant action is that if defendant had not been grossly negligent, plaintiff would not have made the loan to the borrowers. Therefore, the court correctly found on the prior summary judgment motion that the principal amount of plaintiff's "damages are the loan proceeds it actually provided to [the borrowers] that were not capable of being repaid" (Brevet Direct Lending — Short Duration Fund, L.P. v Aprio LLP, 2023 WL 6555818, *2 [Sup Ct, NY County, Oct. 5, 2023, No. 656441/2018], affd 228 AD3d 449 [1st Dept 2024]).
Plaintiff's arguments regarding its entitlement to prejudgment interest are also unavailing. In MUFG Union Bank, N.A. v Axos Bank (225 AD3d 545 [1st Dept 2024], lv denied 42 NY3d 913 [2025]), we found that the "[t]he trial court properly applied the settlement offset before calculating prejudgment interest" (id. at 547). Plaintiff has recovered $15,016,414 from the borrowers and other sources unrelated to defendant. In offsetting $15,016,414 against a hypothetical damage award of $13.45 million, there is no positive number left upon which to calculate prejudgment interest. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025